89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert P. SMITH, III, Plaintiff-Appellant,
v.
James H. GOMEZ, Defendant-Appellee.
 No. 95-15773.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert P. Smith, III, a California state prisoner, appeals pro se the district court's denial of his motion for preliminary injunction and refusal to award sanctions pursuant to Fed.R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We affirm in part and dismiss in part.
 
 
 3
 We review a district court's denial of a preliminary injunction for abuse of discretion. Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir.1985). To be granted a preliminary injunction, the "plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. (citations omitted).
 
 
 4
 Here, Smith argued that he had to choose between paying the photocopying costs entailed with filing a petition for a writ of habeas corpus with state court and purchasing personal hygiene supplies from the prison's canteen. Cf. Gluth v. Kangas, 951 F.2d 1504, 1508 (9th Cir.1991) (stating that it is " 'unacceptable' " to "force [ ] inmates to choose between purchasing hygienic supplies and essential legal supplies"). Here, prison officials submitted evidence that basic personal hygiene supplies are provided at state expense. Although Smith submitted the affidavit of a fellow inmate to establish that the state-provided supplies are minimal, of low quality, and sometimes unavailable, we cannot conclude that this is sufficient to establish irreparable injury warranting a preliminary injunction. See Oakland Tribune, 762 F.2d at 1376.
 
 
 5
 Accordingly, the district court did not abuse its discretion in denying Smith's motion for preliminary injunction. See id.
 
 
 6
 Because the "sanctions issue is not inextricably bound up with the question of the [preliminary] injunction's propriety," we conclude that we do not have jurisdiction to review the district court's failure to assess sanctions under 28 U.S.C. § 1292(a)(1). See E.E.O.C. v. Recruit U.S.A., Inc., 939 F.2d 746, 757 (9th Cir.1991) (internal quotation omitted). Although we dismiss this contention for lack of jurisdiction, see id., this dismissal does not preclude Smith from raising his contention regarding sanctions after the district court enters final judgment.
 
 AFFIRMED in part and DISMISSED in part.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Smith's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because our docket indicates that Smith was sent a copy of the current Federal Rules of Appellate Procedure, we deny that request as moot. Because Smith's opening brief included a copy of the district court's docket sheet and the order appealed from, and we have reviewed the relevant portions of the district court's record in reaching our disposition, we conclude that the district court clerk does not need to forward photocopies of documents to Smith which would comprise an excerpt of record